## PENNER v. DRILLING DEVELOPMENT CO.

(District Court, D. Montana. November 10, 1923.)

No. 81.

Receivers ☞199—Allowance of compensation and counsel fees.
  Amount claimed by receiver for compensation and counsel fees reduced, in view of allowance made by another court in ancillary proceedings.

In Equity. Suit by W. H. Penner against the Drilling Development Company. On final report of receiver, and claim for compensation and counsel fees. Discharge granted, and reduced allowance made.

Geo. C. Buckle, of Salt Lake City, Utah, and A. R. Bertoglio, of Butte, Mont., for plaintiff.

F. E. McCracken and H. A. Tyvand, both of Butte, Mont., and Stephen J. Leahy, of Wibaux, Mont., for receiver.

BOURQUIN, District Judge. In his final report, the receiver requests allowances for compensation and counsel fees in amount $18,-000. The case is of dubious aspect, and there is hesitancy to grant any allowance; but lest in that be some injustice, the receiver's expenditures are approved in amount $38.30, and compensation allowed in amount $300.

Briefly, here is the situation: The defendant is a Montana corporation, and its property was a group of unpatented mining claims, mining and milling instrumentalities in Idaho, a failing prospecting venture. Receivership was sought here as a formal basis for a receivership in Idaho. Appointment was made here on September 17, 1920, and in the Idaho federal court three days later. All the receiver's duties in connection with the property, whether performed here or in Idaho, have been very liberally compensated by allowances in the Idaho court, in amount $4,000. Herein his services were merely formal and comparatively unimportant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

He filed inventory in due time, and eight months after appointment, upon plaintiff's complaint of neglect, the receiver was ordered to publish notice to creditors and to sell all the property. In July, 1921, the receiver reported that defendant's stockholders, in reorganization, had organized a new corporation, to it transferred all the property of the old corporation, settled with all creditors with stock of the new corporation, and proposed to compensate him and his counsel with some of said stock. The court approved the reorganization and confirmed the transfer, but refused to sanction that method of compensating its officers.

Obviously, the receiver's active duties were terminated, nothing further devolving on him but to secure like approval and confirmation in the Idaho court and take discharge. Nevertheless in the Idaho court he did not file request thereto until more than a year later, and did not bring it to the attention of that court until more than two years later, and only when directed by this court to settle his accounts in the Idaho court and make final report herein. And in the Idaho court he actually attempted to annul approval of reorganization and confirmation of the transfer herein, by urging the Idaho court to reject both.

However, the latter court approved and confirmed, subject to payment of the allowances by it then made as aforesaid. In the meantime the receiver busied himself in gratuitous meddling with the property transferred to the new company, traveled about in endeavor to fix responsibility upon alleged debtors of the old company and to collect from them (although as choses any such debts had been transferred to the new company), until discovered and checked by this court, and entered into the wrangle disclosed by the proceedings reported. Mathews v. Butte Machinery Co. (C. C. A.) 286 Fed. 801. He also from time to time filed accounts practically wholly of his transactions in connection with the Idaho property, and mainly repetitions. All proceedings were by consent; the receiver, it now appears, being a director of defendant. Of course, the receiver's success in avoiding timely termination of his office, his obvious endeavors to make of it what too often the like are—a job, a permanent position, and a career—do not magnify his services herein, nor justify more than very modest allowances. It must be remembered, though too often forgotten, that receiverships are not to enrich the incumbents and counsel. This receiver and counsel have been so liberally dealt with by the Idaho court that only the diversity of jurisdiction justifies any further allowance herein, for the formal services necessary to set in motion the Idaho court. The circumstances warrant no more than allowed as aforesaid.

The receiver is discharged, but jurisdiction is retained to secure payment of the allowance.